IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PREFERRED CAPITAL, INC., | ) | CASE NO. 1:04CV2063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| SARASOTA KENNEL CLUB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OF OPINION |

On February 7, 2005, Sarasota Kennel Club ("Sarasota") and Jack Collins, Jr., defendants, filed a Motion To Dismiss (Docket No. 26) for lack of personal jurisdiction, improper venue, and insufficient service pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (5). The parties have fully briefed the issues.

For the following reasons, the motion is GRANTED.

## I. FACTS

The Defendants are a Florida resident and his corporation. On April 19, 2004, they executed an Equipment Rental Agreement with non-party NorVergence, Inc., a New Jersey Corporation.

Under the agreement, NorVergence was to provide the Defendants with telecommunications equipment and services including land-line and cellular telephone service, and high-speed internet access. NorVergence never provided the services.

> The lease agreement contains the following forum selection and choice-of law provision:
>
>> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which the Rentor's principal offices are located <u>or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located</u>, without regard to such states choice of law considerations <u>and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at the Rentor or Rentor's assignee's sole option</u>.

Equipment Rental Agreement at 2 (emphasis added). In addition, Defendant Collins signed a personal guaranty which incorporates the forum selection clause of the Equipment Rental Agreement.

Unbeknownst to the Defendants, back on September 30, 2003, NorVergence executed the Master Program Agreement ("MPA") with Plaintiff Preferred Capital, Inc., a financial services company located in Brecksville, Ohio. The MPA provides for the automatic assignment to the Plaintiff of the rights to rental payments from various NorVergence Equipment Rental Agreements to be executed in the future. The Defendants' rental agreement is one of those assigned to the Plaintiff.

On April 20, 2004, only one day after the execution of the Equipment Rental Agreement, the Defendants received notice that the agreement had been assigned, and that the rental payments should be made to the Plaintiff. This was the first time that the Defendants were made aware of the Plaintiff's involvement. After making the first few payments, the Defendants ceased paying because NorVergence never provided the services promised in the rental agreement. As described in the pleadings, the Defendants are among hundreds or more who never received telecommunications

services promised by NorVergence.

NorVergence is now in bankruptcy. Its conduct has spawned a multitude of litigation throughout the country, both against it as well as against numerous assignee finance companies, including the Plaintiff. There are private actions, including class actions, and government enforcement actions by various state attorneys general and the Federal Trade Commission. Among them are actions in New Jersey, the state of incorporation of NorVergence, and in Florida where the Defendants reside. The New Jersey and Florida actions predate the action before this Court, and the Defendants have expressed a desire to participate in this other litigation. Many of the finance companies also have brought suit against the lessees, as was done here.

The Plaintiff filed this action in the Court of Common Pleas for Cuyahoga County, Ohio. It seeks the total sum of the rental payments due for the entire term of the lease. On October 12, 2004, the Defendants removed the action to this Court. The Plaintiff asserts jurisdiction and venue in Ohio pursuant to the forum selection clause in the Equipment Rental Agreement, quoted above, which selects as a forum the courts where "the assignee's principal offices are located". The Defendants seek dismissal on the ground that the forum selection clause is unenforceable.

## II. LAW

The Defendants seek dismissal for lack of personal jurisdiction, improper venue, and insufficient service of process pursuant to Fed. R. Civ. 12(b)(2), (3), and (5). Each of these bases is premised upon the Defendants' argument that the forum selection clause in the Equipment Rental Agreement is

unenforceable.[1]

Generally, forum selection clauses executed by commercial entities are *prima facie* valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Such clauses, therefore, should be enforced unless clearly unreasonable or unjust, or if invalid for such reasons as fraud or overreaching. Id. at 15; Security Watch, Inc. v. Sentinel Systems, Inc., 176 F.3d 369, 374-75 (6th Cir. 1999), cert. denied, 528 U.S. 1181 (2000); Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1229 (6th Cir. 1995); Moses v. Business Card Express, Inc., 929 F.2d 1131, 1136 (6th Cir.), cert. denied, 502 U.S. 821 (1991); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) (applying M/S Brennen to form contracts). A forum selection clause is presumptively valid and should only be set aside when trial in the contractual forum would be so gravely difficult as to effectively deprive the opposing party of its day in court. Shell, 55 F.3d at 1229-30. If one seeks to invalidate a forum selection clause by allegations of fraud, there must have been fraud or coercion in the inducement of the clause itself, standing apart from the rest of the agreement. Moses, 929 F.2d at 1138.

Ohio courts have adopted similar principles for analyzing forum selection clauses governed by Ohio law. A forum selection clause in a commercial contract controls "unless it is clearly shown that enforcement would be unreasonable and unjust, or that the clause was invalid as being a product of fraud or overreaching. Kennecorp. Mortgage Brokers, Inc. v. Country Convalescent Hospital, Inc., 66 Ohio St. 3d 173, 175 (1993); Information Leasing Co. v. Jaskot, 784 N.E.2d 1192, 1195 (Ohio

---

[1] As cited in the parties' briefs, judges on the local county courts, as well as judges on this district court, have split as to the validity of comparable forum selection clauses in NorVergence agreements assigned to the Plaintiff.

App. 2003); Discount Bridal Services, Inc. v. Kovacs, 713 N.E.2d 30, 32 (Ohio App. 1998); Nicholson v. Log Systems, Inc., 713 N.E.2d 510, 512 (Ohio App. 1998); Alpert v. Kodee Technologies, 691 N.E.2d 732, 736 (Ohio App. 1997). Alternatively, a forum selection clause is unenforceable if the challenging party demonstrates that litigation in the selected forum would be so gravely inconvenient as to, for all practical purposes, deprive the party of it's day in court. Jaskot, 784 N.E.2d at 1196-97; Four Seasons Enterprises v. Tommel Financial Services, Inc., 2000 WL 1679456 at *1 (Ohio App. November 9, 2000).

Under Ohio law, a forum selection clause is invalid under the following circumstances: (1) it was obtained by fraud, duress, the absence of economic power or other unconscionable means, (2) the designated forum would be closed to the suit or would not handle it effectively or fairly, or (3) the designated forum would be so seriously an inconvenient forum that to require the plaintiff to bring the suit there would be unjust. Four Seasons, 2000 WL 1679456 at *2. When alleging fraud, the fraud must relate directly to the negotiation and acceptance of the forum selection clause itself, and not the contract as a whole. Four Seasons, 2000 WL 1679456 at *2, citing, Moses, 929 F.2d at 1138; see also Security Watch, 176 F.3d at 375.

### III. ANALYSIS

A. Enforceability of the Forum Selection Clause

The Defendants first assert that the forum selection clause is invalid as the product of fraud or overreaching. The Court agrees. Central to this conclusion is the timing of the MPA vis a vis the Equipment Rental Agreement.

The Equipment Rental Agreement does not itself specify the particular forum, but refers to it

-5-

only categorically as the location of the assignee's principal place of business. At the time the Defendants entered the rental agreement, however, the MPA was already in place mandating the assignment to the Plaintiff. NorVergence and the Plaintiff, therefore, knew during the negotiations with the Defendants that Ohio courts would be the forum pursuant to the MPA. This critical fact, however, was not disclosed to the Defendants until after execution of the rental agreement. The Defendants were deprived of any opportunity to object to Ohio jurisdiction despite NorVergence's and the Plaintiff's prior knowledge of the assignment, thereby giving the Plaintiff a non-negotiated advantage in any subsequent suit. At the very least, these circumstances constitute overreaching, even if not outright fraud, sufficient to invalidate the forum selection clause.

Cases involving non-specific forum selection clauses are few. In one Ohio case, the court held that when the forum is indicated categorically, rather than in specific terms, the actual forum must at least be reasonably anticipated from the terms of the contract. Copelco Capital, Inc. v. St. Mark's Presbyterian Church, 2001 WL 106328 (Ohio App. February 1, 2001). The Court agrees with this principle. Here, the selection of Ohio courts as the forum, though known to NorVergence and the Plaintiff, was not timely disclosed to the Defendants. Because NorVergence is a New Jersey corporation and the Defendants are citizens of Florida, Ohio is not a reasonably anticipated forum from the terms of Equipment Rental Agreement.

The Plaintiff attempts to distance itself from NorVergence's conduct. The Plaintiff argues that it had no involvement in the negotiations between NorVergence and its lessees, and therefore should not be held accountable for any alleged fraud by NorVergence. However, when analyzing the validity of a forum selection clause, the focus is on how the clause was procured. Here, the Plaintiff seeks the

-6-

benefit of NorVergence's overreaching, even assuming the Plaintiff was not directly involved. That is sufficient to invalidate the provision. Accordingly, the Court concludes that the forum selection clause in the Equipment Rental Agreement is invalid for fraud or overreaching.

The Defendants also argue that litigation in Ohio would be so inconvenient so as to render enforcement of the forum selection clause unreasonable and unjust. In determining whether the selected forum is sufficiently unreasonable, factors to consider include: (1) which law controls the contractual dispute; (2) what residency do the parties maintain; (3) where the contract was executed; (4) where are the witnesses and parties to the litigation located; and (5) whether the forum's designated location is inconvenient to the parties. Barret v. Picker International, Inc., 589 N.E.2d 1372, 1374-75 (Ohio App. 1990); Four Seasons, 2000 WL 1679456 at *3.

As to the first factor, the choice-law-provision of the Equipment Rental Agreement tracks the forum selection clause. It, therefore, suffers from the same defect. NorVergence and the Plaintiff were aware that Ohio law would be selected pursuant to the MPA, but this was never disclosed to the Defendants until after execution of the rental agreement. For the same reasons, the choice-of-law provision likewise is the product of fraud or overreaching. This factor, therefore, favors the Defendants.

The third factor is where the contract was executed. The relevant "contract" here is the Equipment Rental Agreement between the Defendants and NorVergence, not the MPA. Accordingly, the relevant contract was negotiated and executed in New Jersey and/or Florida, not Ohio. This factor, therefore, also favors the Defendants.

Factors two, four, and five are related in that they focus on the locations of the parties and

-7-

potential witnesses, and the convenience of the selected forum. The parties and witnesses largely are in Florida and Ohio, although NorVergence personnel are potential witnesses and reside in New Jersey. The Plaintiff argues that invalidating the forum selection clause is inappropriate because the inconvenience would merely be shifted from the Defendants to the Plaintiff.

Mere distance is insufficient to establish inconvenience. Inconvenience, however, can invalidate a forum selection clause if the circumstances impacting upon convenience were unknown and unforeseeable at the time the contract was negotiated and accepted. Four Seasons, 2000 WL 1679456 at *4. Because the Defendants were not informed timely of the MPA, the inconvenience of an Ohio forum was unknown and unforeseeable. In contrast, a forum outside of Ohio should have been within the contemplation of the Plaintiff. Indeed, at the time this case was filed, it already was embroiled in private and government enforcement actions in other states. Accordingly, convenience of the parties and witnesses favors the Defendants.

In this vein, the Court cannot ignore the fact that the current case, in contrast to most cases, is not an isolated piece of commercial litigation. The Court concludes, therefore, that it is appropriate to consider the suitability of forums considering related litigation. In particular, the Florida attorney general is pursuing claims against NorVergence and the assignee finance companies for the benefit of Florida residents like the Defendants. The Defendants argue that to permit this litigation to go forward in Ohio could undermine their ability to reap the benefits of the actions of the attorney general of their home state. The Court agrees that this factor weighs against an Ohio forum.

Upon review of the various factors, the Court concludes that litigation in an Ohio forum would be unreasonable and unjust. Accordingly, the forum selection clause is unenforceable for this reason as

well.

### B. Personal Jurisdiction

Because the forum selection clause is unenforceable, this case must be analyzed under the general principles of personal jurisdiction pursuant to Fed. R. Civ. 12(b)(2). In the absence of a full evidentiary hearing, the plaintiff need only meet the burden of establishing a *prima facie* case that personal jurisdiction exists. Nationwide Mutual Insurance Co. v. Tryg International Insurance Co.,91 F.3d 790, 793 (6th Cir. 1996); Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir. 1974).

For personal jurisdiction to exist, a defendant must have sufficient contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310 (1945). This requires that the forum state's long-arm statute permits jurisdiction, and the defendant has minimum contacts with the forum state to satisfy constitutional due process requirements. Worldwide Volkswagen, Inc. v. Woodson, 444 U.S. 286 (1980); Reynolds v. International Amateur Athletic Federation, 23 F.3d 1110, 1115 (6th Cir.), cert. denied, 513 U.S. 962 (1994). Personal jurisdiction may be "general" if a defendant's contacts are continuous or systematic, or personal jurisdiction may be "specific" if jurisdiction arises out of the particular circumstances of the case. Nationwide, 91 F.3d at 793.

Independent of the forum selection clause analyzed above, the Plaintiff does not assert any facts upon which personal jurisdiction can be based. The Defendants are Florida residents doing business in Florida. They negotiated with NorVergence employees in New Jersey, unaware of any involvement of the Plaintiff. The Plaintiff, therefore, has not asserted any basis for personal jurisdiction, either under the Ohio long-arm statute or consistent with constitutional due process. Accordingly, the Court concludes

that it lacks personal jurisdiction over the Defendants.

### IV.  CONCLUSION

For the foregoing reasons, the forum selection clause at issue is invalid and unenforceable as the product of fraud or overreaching, and litigation in an Ohio forum would be unreasonable and unjust. Personal jurisdiction does not otherwise lie.  Accordingly, the Defendants' Motion To Dismiss (Docket No. 26) is GRANTED, and this case is hereby dismissed without prejudice, each party to bear its own costs.

IT IS SO ORDERED.


Issued: July 27, 2005                           s/ John M. Manos
                                             UNITED STATES DISTRICT JUDGE